UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **RICHARD A. PRUITT,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 12-CV-2174 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

This case is before the court on the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. (#1). After careful consideration of Petitioner's Motion (#1), Respondent's Answer, Petitioner's Reply, and the supporting exhibits filed by the parties, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DENIED.


BACKGROUND

On September 1, 2009, Richard A. Pruitt ("Petitioner") was charged by indictment with one count each of: production of child pornography, advertisement of child pornography, receipt of child pornography, and possession of child pornography. (Case No. 09-CR-20068). The indictment also charged Petitioner with one count of criminal forfeiture regarding certain property used in the commission of the child pornography counts. On June 23, 2010, Petitioner entered an open guilty plea to all five counts in the indictment. On October 7, 2010, this court sentenced Petitioner to 480 months in prison. Judgment was entered on October 8, 2010. (#27). On October 12, 2010, Petitioner filed a notice of appeal. (#31). On appeal, Petitioner's counsel, John Taylor, filed an *Anders* brief on March 4, 2011, requesting permission to withdraw. The Court of Appeals invited Petitioner to respond to his counsel's motion to withdraw, but

Petitioner did not file a response. *United States v. Pruitt*, 422 Fed.Appx. 539, 539 (7th Cir. 2011). The Court of Appeals confined its review to the potential issues of the counsel's facially adequate brief, granted counsel's motion to withdraw, and dismissed the appeal. *Id.* at 540. A final judgment was entered on May 25, 2011.

On June 29, 2012, Pruitt filed the instant motion under 28 U.S.C. § 2255. (#1). Petitioner listed three grounds for relief. On August 24, 2012, the Government filed its Response (#4). On September 17, 2012, Petitioner filed his Reply (#5). Following a careful review of the arguments from both parties, this court agrees with the Government that Petitioner's claims lack merit.

ANALYSIS

Relief under 28 U.S.C. § 2255 is reserved for extraordinary circumstances. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). For a petitioner to prevail, he must "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298(7th Cir. 1995). In its Response (#4), the Government argued that the Petitioner's Motion must be denied. Regarding Petitioner's first claim, the Government argued that that claim lacked merit. In his Reply, Petitioner conceded as much. Accordingly, Petitioner is not entitled to relief as to his first claim.

Petitioner has two remaining claims. These are that his counsel provided ineffective assistance for (1) failing to object that the Federal government lacked constitutional authority to enforce its criminal laws in an area preserved for the State to exercise its sovereign jurisdiction; and for (2) failing to object to this court's lack of subject-matter jurisdiction because 18 U.S.C. § 3231 was allegedly passed without a quorum.

The Government first argued that because these two claims were not raised on direct appeal, they were procedurally defaulted, and thus, could not be raised in a § 2255 motion. Petitioner responded that ineffective assistance of counsel claims need not be brought on direct appeal before they can be raised in a § 2255 motion. This court agrees with Petitioner. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). Petitioner's two remaining contested claims are therefore not procedurally defaulted and are properly before this court.

"The Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009). To succeed on a claim of ineffective assistance of counsel a petitioner must prove either that (1) his attorney's performance fell below an objective standard of reasonableness; or that (2) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984). With respect to the performance prong, a petition must overcome the "strong presumption that counsel's conduct falls within the wide race of reasonable professional assistance." *Wyatt*, 574 F.3d at 458, *quoting Strickland,* 466 U.S. at 689. A petitioner "must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and the court determines "whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt*, 574 F.3d at 458. The prejudice prong of the test can be established by petitioner if he can show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 46 U.S. at 694.

*Ineffective assistance of counsel in failing to object to the court's lack of constitutional authority*

Petitioner argues that counsel was ineffective for failing to object to the court's enforcement of its criminal laws in an area the State enjoys sovereign legislative jurisdiction over, and where the right to punish in the instant case is not constitutionally permitted. (#1 p. 3). Petitioner contends that this court does not have jurisdiction over him because the criminal law is subject only to state jurisdiction. In particular, Petitioner argues that the criminal laws governing child pornography should be litigated in state court and not federal court. Petitioner contends that the use of the Commerce Clause is improperly applied, and that it should not be extended to cover criminal laws in this case.

Petitioner misreads the scope and application of the Commerce Clause. As the Government points out, laws regulating the prohibition of child pornography have been enacted through the use of the Commerce Clause. When this specific argument was previously raised before the Seventh Circuit, it was explicitly rejected. The court held that Congress did have the authority under the Commerce Clause to enact the Child Pornography Prevention Act (1996) and the PROTECT Act (2003). *United States v. Blum* 534 F.3d 608, 612 (7th Cir. 2008) (holding that the manufacture and possession of any child pornography itself feeds the market and increases demand for it, and Congress rationally could conclude that those offenses substantially affected interstate commerce). The Commerce Clause is not violated "where the physical medium onto which the visual depictions are copied has traveled through interstate commerce." *United States v. Olson*, 317 Fed. App'x. 534, 536-37 (7th Cir. 2008); *see also United States v. Angle*, 234 F.3d 326, 335-38 (7th Cir. 2000) (concluding that the child pornography statutes "prohibit intrastate activity that is substantially related to the closely regulated interstate market of child pornography").

Here, Petitioner pled guilty to utilizing the Internet to collect, trade, and advertise images and videos of child pornography, and does not contest the factual basis for his plea in the present motion. Further, Petitioner manufactured child pornography using materials that had shipped through foreign commerce and that had not been manufactured in the United States. Petitioner's acts necessarily required the use of material that had traveled through and affected interstate and foreign commerce. Because this particular issue is well-settled in this Circuit, counsel could not have been ineffective for failing to raise it. Additionally, Petitioner could not have suffered any prejudice by counsel's failing to raise it. Thus, this court concludes that Petitioner cannot prevail on this claim.

*Ineffective assistance of counsel in failing to object to court's lack of subject-matter jurisdiction*

Petitioner also argues that this court lacks subject matter jurisdiction over any criminal case because 18 U.S.C. § 3231 was passed without a quorum, and is therefore unconstitutional. Petitioner provides a lengthy analysis of the structure of the United States Constitution and the enumerated rights created in Article III, Section 2. This court has reviewed Petitioner's argument and finds that Petitioner is incorrect in his assessment of the passage of 18 U.S.C § 3231. Section 3231 states, in its entirety, as follows:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

18 U.S.C. § 3231. The Seventh Circuit has previously held that identical claims are frivolous. *United States v. Small*, 487 F. App'x 302, 303 (7th Cir. 2012) (summarily dismissing a claim that 18 U.S.C. § 3231 did not confer subject-matter jurisdiction on the district courts because it passed without a quorum on the grounds that the "enrolled-bill rule" is complete and

5

impeachable"); *United States v. Campbell*, 221 F. App'x 459, 461 (7th Cir. 2007) (holding that an argument that "18 U.S.C. § 3231, which gives district judges jurisdiction to hear criminal prosecutions, has no legal effect because the House and Senate did not vote on it in the same session of Congress" is "factually incorrect"); *see also Marshall Field & Co. v. Clark*, 143 U.S. 649, 672 (1892); *United States v. Thomas*, 788 F.2d 1250, 1252 (7th Cir. 1986); *United States v. Farmer*, 583 F.3d 131, 151-152 (2d Cir. 2009); *Public Citizen v. U.S. Dist. Court for Dist. of Columbia*, 486 F.3d 1342, 1349-50 (D.C. Cir. 2007).[1] This court is not permitted to adopt a position contrary to one already decided by the Supreme Court and the Seventh Circuit. "It is not ineffective assistance for counsel to not file a meritless motion." *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990). Accordingly, counsel was not ineffective in declining to raise this claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his motion states a valid claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also*

---

[1] Notably, when faced with a similar claim, the Western District of Missouri stated following:

> This claim is part of a new rash of frivolous claims raised by prisoners across the country, many of whom have copied the arguments directly from Internet Websites which propound the argument and developed by a Texas firm, International Legal Services. All of these allegations concerning the supposed irregular adoption of Public Law 80–772 have been firmly denied by every court to address them. The Supreme Court denied all the petitions presented by International Legal Services and those associated with them. See *In re Von Kahl*, 552 U.S. 988, 128 S.Ct. 520, 169 L.Ed.2d 369 (2007) (denying writ of habeas corpus raising these same arguments) (*rehearing denied*, 552 U.S. 1159, 128 S.Ct. 1113, 169 L.Ed.2d 842 (2008)); *In re Miles*, 552 U.S. 1037, 128 S.Ct. 689, 169 L.Ed.2d 540 (2007) (same), *rehearing denied*, 552 U.S. 1225, 128 S.Ct. 1338, 170 L.Ed.2d 145 (2008).

*Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008).

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable that this court correctly found that his counsel's representation was not ineffective.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion Under 28 U.S.C. to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(2) Petitioner's Motion for a Certificate of Appealability is DENIED.

(3) This case is terminated.

ENTERED this 17th day of July, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY

U. S. DISTRICT JUDGE